IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LENOVO HOLDING CO. INC., and LENOVO (UNITED STATES) INC., <br><br> Defendants. | §§§§§§§§§§§§§ | CIVIL ACTION NO. 13-2108-RGA <br><br> JURY TRIAL DEMANDED <br><br> Redacted - Public Version |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC. LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC. <br><br> Defendants. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. 13-2109-RGA <br><br> JURY TRIAL DEMANDED <br><br> Redacted - Public Version |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VIZIO INC., <br><br> Defendant. | §§§§§§§§§§§§§ | CIVIL ACTION NO. 13-2112-RGA <br><br> JURY TRIAL DEMANDED <br><br> Redacted - Public Version |

RESTRICTED – ATTORNEYS' EYES ONLY

**NON-PARTIES RAMBUS INC. AND RAMBUS DELAWARE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

November 23, 2015

OF COUNSEL:
Andrea L. Gothing
ROBINS KAPLAN LLP
California Bar No. 302633
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone:  (650) 784-4040
Facsimile:   (650) 784-4041
Email: agothing@robinskaplan.com

Tara S.G. Sharp
ROBINS KAPLAN LLP
Georgia Bar No. 623320
One Atlantic Center
1201 West Peachtree Street, Suite 2200
Atlanta, Georgia  30309
Telephone:  (404) 760-4300
Facsimile:  (404) 233-1267
Email: tsharp@robinskaplan.com

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware  19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pgslaw.com

*ATTORNEYS FOR*
*NONPARTIES RAMBUS DELAWARE*
*LLC AND RAMBUS INC*

RESTRICTED – ATTORNEYS' EYES ONLY

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 2

II. SUMMARY OF ARGUMENTS ...................................................................................... 2

III. STATEMENT OF FACTS ............................................................................................. 3

IV. ARGUMENT ................................................................................................................... 7

    A. Defendants' Motion To Compel Was Improperly Filed In The District Of Delaware ................................................................................................................ 7

        1. The District Of Delaware Lacks Jurisdiction to Decide Defendants' Motion ...................................................................................................... 7

        2. Rambus Is Entitled To Recover Its Reasonable Expenses, Including Attorneys' Fees, Incurred In Opposing Defendants' Improper Motion To Compel ............................................................................................... 10

    B. Defendants' Requests To Compel Additional Production From Rambus Should Be Denied ............................................................................................... 12

        1. Rambus Properly Listed Teardown Materials On Its Privilege Log ................ 12

            a. The Teardown Materials Constitute Protected Attorney Work Product .......................................................................................... 12

            b. The Teardown Materials Are Available From A More Convenient And Less Burdensome Source ........................................... 15

        2. Unredacted Versions Of Plaintiff IDT's Royalty Reports Are More Easily Available From Plaintiffs ................................................................. 15

        3. Rambus Should Not Be Required To Produce Email Communications .......... 16

            a. Email Communications Can Be Obtained More Conveniently And With Less Burden And Expense Directly From The Plaintiffs ....................................................................................... 17

            b. Producing Even Limited Email Communications Would Place An Undue Burden On Non-Party Rambus ........................................... 20

V. CONCLUSION ............................................................................................................... 20

RESTRICTED – ATTORNEYS' EYES ONLY

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Argento v. Sylvania Lighting Servs. Corp.,*
  No. 2:15-cv-01277, 2015 U.S. Dist. LEXIS 108818 (D. Nev. Aug. 18, 2015)..........................9

*Broadband iTV, Inc. v. Hawaiian Telecom,*
  2015 U.S. Dist. LEXIS 51131 (N.D. Cal. April 17, 2015)......................................................18

*Everlight Elecs. Co. Ltd. v. Nichia Corp.,*
  No. C 13-80251, 2013 U.S. Dist. LEXIS 172609 (N.D. Cal. Dec. 3, 2013) ............................19

*First Aviation Servs. V. Gulf Ins. Co.,*
  205 F.R.D. 63 (D. Conn. 2001)................................................................................................19

*Hallmore Corp. v. Capco Steel Corp.,*
  259 F.R.D. 76 (D. Del. 2009) .......................................................................................8, 10, 12

*Hawthorne, Inc. v. Herman Miller, Inc.,*
  998 F.2d 975 (Fed. Cir. 1993).........................................................................................15, 18

*Hercules Inc. v. Exxon Corp.,*
  434 F. Supp. 136 (D. Del. 1977).............................................................................................14

*In re Plastics Additives Antitrust Litig.,*
  No. 03-2038, 2005 U.S. Dist. LEXIS 47979 (E.D. Pa. Aug. 9, 2005) ....................................19

*Magnetar Techs. Corp. v. Six Flags Theme Park Inc.,*
  886 F. Supp. 2d 466 (D. Del. 2012).........................................................................................14

*Nalco Co. v. Turner Designs, Inc.,*
  No. 4:13-cv-02727, 2014 U.S. Dist. LEXIS 45669 (N.D. Cal. Mar. 31, 2014) .......................19

*Nidec Corp. v. Victor Co. of Japan,*
  249 F.R.D. 575 (N.D. Cal. 2007).............................................................................................15

*Norguard Ins. Co. v. Harry David Zutz Ins., Inc.,*
  No. 08-900, 2011 U.S. Dist. LEXIS 8371 (D. Del. Jan. 28, 2011) ...................................13, 16

*Sandifer v. Hoyt Archery, Inc.,*
  No. 12-322-SDD, 2014 U.S. Dist. LEXIS 97145 (M.D. La. July 17, 2014)............................9

*Sicurelli v. Jeneric/Pentron Inc.,*
  No. 03-cv-4934, 2006 U.S. Dist. LEXIS 29813 (E.D.N.Y. May 16, 2006)............................13

RESTRICTED – ATTORNEYS' EYES ONLY

*Tessera, Inc. v. UTAC (Taiwan) Corp.*,
    No. 10-cv-04435-EJD, 2015 U.S. Dist. LEXIS 118803 (N.D. Cal. Sept. 4,
    2015) ....................................................................................................................14

*Wattree v. Cates*,
    No. EDCV 14-219-JGB, 2015 U.S. Dist. LEXIS 75351 (C.D. Cal. June 10,
    2015) ......................................................................................................................9

*Webxchange Inc. v. Dell Inc.*,
    264 F.R.D. 123 (D. Del. 2010) ...........................................................................14

*West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*,
    Misc. No. 09-126-SLR, 2010 U.S. Dist. LEXIS 3774 (D. Del. Jan. 19, 2010)..................8, 10

**Rules**

Fed. R. Civ. P. 26....................................................................................................18, 19

Fed. R. Civ. P. 26(b)(2)(C)(i) ...........................................................................15, 16, 18

Fed. R. Civ. P. 26(b)(3) and (b)(4) ............................................................................14

Fed. R. Civ. P. 37.................................................................................................1, 7, 9

Fed. R. Civ. P. 37(a)(2)......................................................................................9, 10

Fed. R. Civ. P. 37(a)(5)............................................................................................12

Fed. R. Civ. P. 45............................................1, 2, 4, 7, 8, 9, 10, 11, 12, 13, 16

Fed. R. Civ. P. 45(c)(2)(A) ...........................................................................................7

Fed. R. Civ. P. 45(d) ...........................................................................................11, 20

Fed. R. Civ. P. 45(d)(1)............................................................................................20

Fed. R. Civ. P. 45(d)(2)(B)(i) ..............................................................................7, 10

Fed. R. Civ. P. 45(d)(3)(iv)......................................................................................20

Fed. R. Civ. P. 45(f)...........................................................................................10, 11

RESTRICTED – ATTORNEYS' EYES ONLY

In July 2015, Defendants served overly broad document subpoenas on non-parties Rambus Inc. and Rambus Delaware LLC (collectively, "Rambus") seeking the production of documents allegedly relevant to patent infringement litigations pending in this Court between Defendants and Delaware Display Group LLC and Innovative Display Technologies LLC (collectively, "Plaintiffs"). Rambus timely responded to the subpoenas, objecting to the overbreadth but also producing   REDACTED   documents                                 REDACTED

                                    Rambus also served a detailed privilege log,   REDACTED

that identify documents properly withheld by Rambus because of privilege or other protections from discovery. The discovery produced by non-party Rambus far exceeds the standards that the parties themselves – including Defendants – agree are reasonable and should apply to the underlying litigations.

Despite the extensive discovery provided by Rambus, Defendants now ask this Court to compel the production of three categories of documents from non-party Rambus: (1) materials created by Rambus                                 REDACTED

that constitute protected attorney work product; (2) royalty reports created by Plaintiff IDT; and (3) emails exchanged between Rambus and Plaintiffs and/or Acacia. As a threshold matter, Defendants failed to comply with the requirements of Rules 37 and 45 and filed their motion in a court lacking jurisdiction to resolve these issues. Moreover, all of the documents Defendants seek to compel are available from a more convenient, less burdensome, and less expensive source: the *Plaintiffs* in these litigations. Rather than request these documents from the actual parties in the cases, Defendants instead seek to circumvent the

---

[1]                                 REDACTED

RESTRICTED – ATTORNEYS' EYES ONLY

Federal Rules of Civil Procedure and turn the civil discovery framework on its head by requiring a non-party to shoulder the burden and expense of discovery that can readily be obtained from the parties. Accordingly, because jurisdiction is inappropriate in the District of Delaware, and because all of the documents subject to the motion to compel are more easily available from the Plaintiffs, non-party Rambus respectfully requests that the Court deny Defendants' motion.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On December 31, 2013, Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC filed patent infringement lawsuits against Defendants[2] in the United States District Court for the District of Delaware. On July 9, 2015, Defendants served document subpoenas on non-parties Rambus Inc. and Rambus Delaware LLC pursuant to Rule 45 of the Federal Rules of Civil Procedure. Rambus timely responded to the subpoenas, serving responses and objections on July 24, 2015. Rambus produced documents in response to the subpoenas on August 21 and October 2, 2015.[3] Rambus served privilege logs on October 5, October 16, and November 16, 2015.

On November 4, 2015, Defendants filed a motion to compel against Rambus in this Court, seeking the production of documents listed on Rambus' privilege logs as well as the production of email communications. It is Rambus' understanding that the underlying litigations are currently in the discovery stage and that fact discovery closes on December 4, 2015.

## II.   SUMMARY OF ARGUMENTS

Non-party Rambus relies on the following legal arguments and propositions in opposing Defendants' motion to compel:

---

[2] As used herein, the term "Defendants" refers collectively to Lenovo Holding Co. Inc., Lenovo (United States), Inc., LG Electronics Inc., LG Electronics U.S.A., Inc., LG Display Co., Ltd., LG Display America, Inc., and VIZIO, Inc.

[3] REDACTED

2

RESTRICTED – ATTORNEYS' EYES ONLY

(1) Defendants' motion to compel should be denied because jurisdiction is improper in the District of Delaware pursuant to Federal Rules of Civil Procedure 37(a)(2) and 45. Additionally, pursuant to Rules 37(a)(5)(B) and 45(d) Rambus is entitled to recover the expenses, including attorneys' fees, it has incurred in opposing this improper motion.

(2) Defendants' request to compel        REDACTED                , and properly listed on Rambus' privilege logs, should be denied because the materials constitute at least protected attorney work product prepared in anticipation of litigation pursuant to Rule 26(b)(3) and (b)(4)(D). In addition, these materials can be obtained from a source that is more convenient, less burdensome, and less expensive – namely, the Plaintiffs to these cases. Fed. R. Civ. P. 26(b)(2)(C)(i).

(3) Defendants' request to compel unredacted royalty reports from non-party Rambus should be denied because the royalty reports consist of documents created by Plaintiff IDT, are within the possession of Plaintiff IDT, and thus can be obtained more easily from the Plaintiffs. Fed. R. Civ. P. 26(b)(2)(C)(i).

(4) Defendants' request to compel email communications exchanged between non-party Rambus and Plaintiffs and/or Acacia should be denied because these communications can be obtained more conveniently and with less burden and expense directly from the Plaintiffs. Fed. R. Civ. P. 26(b)(2)(C)(i). A procedure for email discovery has already been agreed to by the parties and approved by the Court, and should be followed rather than imposing unnecessary expense on non-party Rambus. *See, e.g.*, C.A. 13-2109, D.I. 60 at 6-8, Order Regarding Discovery, Including Discovery of Electronically Stored Information ("ESI"). In addition, compelling non-party Rambus to produce the requested emails                    REDACTED                        resulting in excessive expense and undue burden. Fed. R. Civ. P. 26(b)(2)(C) and 45(d).

## III.  STATEMENT OF FACTS

Non-party Rambus is a former owner of the Patents-in-Suit.[4]  Rambus owned the Patents-in-Suit for a period of approximately three years, from December 2009 until January 2013. *See* Declaration of Tara S.G. Sharp ("Sharp Decl."), at ¶ 15, Ex. 1 at 31:18-32:1.  On January 30, 2013, Rambus sold the Patents-in-Suit to Acacia, transferring "the entire right, title, and interest

---

[4] Rambus understands that the Patents-in-Suit currently consist of U.S. Patent Nos. 7,537,370, 7,914,196, 7,434,974, and 8,215,816.

RESTRICTED – ATTORNEYS' EYES ONLY

in" the patents.  *See* Declaration of Benjamin J. Schladweiler ("Schladweiler Decl."), C.A. No. 13-2109, D.I. 145 at Ex. 2.

## REDACTED

On July 9, 2015, Defendants served document subpoenas on Rambus Inc. and Rambus Delaware LLC pursuant to Rule 45. *See* Schladweiler Decl., Exs. 4 and 5.  Rambus Inc. is a Delaware corporation with a principal place of business in Sunnyvale, California.  *See* Declaration of Tina Soriano ("Soriano Decl.") at ¶ 3.  The subpoena to Rambus Inc. was directed to Rambus Inc.'s agent for service of process in California and specified a place of compliance in Los Angeles, California.  *See* Schladweiler Decl., Ex. 5.  Rambus Delaware LLC[5] is a Delaware limited liability corporation with a principal place of business in Brecksville, Ohio.  *See* Soriano Decl. at ¶ 7.  The subpoena to Rambus Delaware LLC was directed to Rambus Delaware LLC's

---

[5] Rambus Delaware LLC is a wholly-owned subsidiary of Rambus International Ltd., which in turn is a wholly-owned subsidiary of Rambus Inc. *See* Soriano Decl. at ¶ 6.

4

RESTRICTED – ATTORNEYS' EYES ONLY

agent for service of process in Delaware and specified a place of compliance in Wilmington, Delaware.[6] *See* Schladweiler Decl., Ex. 4. Notably, neither Rambus Inc. nor Rambus Delaware LLC maintains any responsive documents in Delaware and neither entity has any employees or facilities located within Delaware. *See* Soriano Decl. at ¶¶ 4, 8. Moreover, Rambus Delaware LLC's registered agent for service of process, National Registered Agents, Inc., has no control over Rambus Delaware LLC's documents or business records. *Id.* at ¶ 9.

The subpoenas served by Defendants are exceedingly broad, each containing forty-five (45) separate document requests on a wide variety of topics – many of which are not even tied to the Patents-in-Suit. *See* Schladweiler Decl., Exs. 4 and 5. For example, Defendants request production of all documents relating to Rambus' general processes for acquiring and licensing patents, regardless of whether such processes relate in any way to the Patents-in-Suit or even similar technology. *Id.*, Ex. 4 at Request Nos. 13, 17, and 18; *Id.*, Ex. 5 at Request Nos. 13, 17, and 18. In another request, Defendants seek "[a]ll prior art known to [Rambus] at any time." *Id.*, Ex. 4 at Request No. 31; *Id.*, Ex. 5 at Request No. 31. Not one of the requests in the subpoena contains a temporal limit, even though Rambus only owned the Patents-in-Suit for a period of approximately three years. *See* Schladweiler Decl., Exs. 4 and 5.

In response to the subpoenas, Rambus served objections on July 24, 2015. *See* Sharp Decl., Exs. 2 and 3. Rambus made numerous objections to the expansive scope of the subpoenas but agreed generally to produce documents related to the Patents-in-Suit and the subject matter of these litigations. *Id.* Rambus also expressly stated that it objected to producing any email in response to the subpoenas. *See* Sharp Decl., Ex. 2 at 6; *id.*, Ex. 3 at 6.

---

[6] Neither subpoena was served on the listed registered agents because Rambus' counsel agreed to accept service of the subpoenas via email.

RESTRICTED – ATTORNEYS' EYES ONLY

Rambus produced documents in response to the subpoenas, subject to its responses and objections, between August and November of 2015. *See* Sharp Decl. at ¶¶ 7-10.  REDACTED

REDACTED                                    . *Id.* at ¶ 11.

REDACTED

. *Id.* at ¶ 6.

Rambus also served detailed privilege logs on Defendants listing those documents withheld on the basis of privilege or other immunity from discovery. *See, e.g.*, Schladweiler Decl., Exs. 6 and 7.                          REDACTED

*See* Schladweiler Decl., Ex. 7.

Rambus and Defendants participated in several meet-and-confers regarding the overbreadth of the subpoenas and the scope of Rambus' production in September and October of 2015.[7] *See* Sharp Decl. at ¶ 13. During these meet-and-confers, as well as in correspondence exchanged between Rambus and Defendants, Rambus informed Defendants of its understanding that any motion to compel against Rambus must first be brought in California because that is where the discovery is located, and Rambus provided Defendants with legal authority in support of its position. *See* Sharp Decl. at ¶¶ 13, 14, 18, Ex. 4. Nevertheless, Defendants filed a motion compel against Rambus in the District of Delaware on November 4, 2015.

_____

[7] Defendants refused to narrow the scope of the document requests or serve amended subpoenas.

RESTRICTED – ATTORNEYS' EYES ONLY

## IV.  ARGUMENT

### A.  Defendants' Motion To Compel Was Improperly Filed In The District Of Delaware

#### 1.    The District Of Delaware Lacks Jurisdiction to Decide Defendants' Motion

As an initial matter, Defendants' motion to compel is not properly before this Court. Rule 45 provides that the party serving a document subpoena "may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). The place of compliance, in turn, must be "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Id.* at (c)(2)(A).

Defendants give short shrift to the issue of jurisdiction in their motion, simply stating in a footnote that "[b]oth Rambus Delaware LLC and Rambus Inc. are Delaware entities, and as such, reside here in Delaware."[8] Motion to Compel at 2 n.3. Under Defendants' reasoning, any Delaware business entity may be compelled to produce documents in Delaware pursuant to Rule 45, regardless of where that entity's principal place of business is located or where the documents sought are located. Defendants' position is directly contrary to law.

This Court has previously held that Delaware entities are not subject to Rule 45 subpoena jurisdiction simply by virtue of having a registered agent in Delaware. Rather, "[w]hen dealing with corporations located in multiple states, the proper inquiry for determining the validity of a subpoena for the production of documents is whether the agent for service of process possess the

---

[8] Defendants also note that "[b]oth subpoenas also issued from this Court." Under Rule 45, subpoenas *must* issue from the court where an action is pending (here, Delaware), regardless of where a non-party resides, is employed, or regularly transacts business. The underlying actions were filed in Delaware, so clearly *every* subpoena issued pursuant to Rule 45 in this action – whether to Rambus or any other non-party – will be issued by the United States District Court for the District of Delaware. The fact that the subpoenas issued from this Court, however, is not relevant to the determination of proper jurisdiction for a motion to compel. That determination must be made based on the non-party's location and the location of the discovery sought. Fed. R. Civ. P. 37 and 45.

7

RESTRICTED – ATTORNEYS' EYES ONLY

degree of control over the documents which would make it appropriate to enforce a subpoena over a corporation from a court in one state, when the corporation's documents are located in another state." *Hallmore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) (internal quotation marks omitted). In other words, the documents that are the subject of the subpoena, or a person with authority to exercise control over the requested documents, must be within the Delaware subpoena jurisdiction. *Id.*; *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, Misc. No. 09-126-SLR, 2010 U.S. Dist. LEXIS 3774, at *8 (D. Del. Jan. 19, 2010) ("[T]he question remains whether [the] nonparty [opposing a motion to compel] has any employee or other legal representative (e.g., the agent for service of process) located within this court's jurisdiction who possesses a sufficient degree of control over corporate documents maintained outside the court's jurisdiction to make it appropriate the enforce the production subpoena."). If neither the requested documents nor a person with control over such documents are located within this District, a motion to compel in this Court is not proper. *Hallmore Corp.*, 259 F.R.D. at 79-80 (denying motion to compel non-party, a Delaware business entity with a Delaware registered agent for service of process, to produce documents pursuant to Rule 45 subpoena because documents were located in Pennsylvania, non-party did not have a principal place of business in Delaware, and registered agent did not possess control over documents); *West Coast Life Ins. Co.*, 2010 U.S. Dist. LEXIS 3774, at *9 (denying motion to compel compliance with Rule 45 document subpoena served on non-party Delaware corporation with no employees and no responsive documents in Delaware and finding subpoena invalid).

The requirement that motions to compel be brought in jurisdictions that are local to non-parties (including corporate non-parties) is further emphasized by Rule 37, which expressly identifies the "appropriate court" "for an order compelling disclosure or discovery" from a non-

RESTRICTED – ATTORNEYS' EYES ONLY

party as "the court *where the discovery is or will be taken*." Fed. R. Civ. P. 37(a)(2) (emphasis added). Indeed, numerous courts have determined that under Rules 37 and 45, the authority to adjudicate a motion to compel with respect to a non-party belongs to the local forum. *See Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-cv-01277, 2015 U.S. Dist. LEXIS 108818, at *8 (D. Nev. Aug. 18, 2015) (finding that motion practice related to Rule 45 subpoenas must be initiated in court local to non-party under Rules 45 and 37); *Sandifer v. Hoyt Archery, Inc.*, No. 12-322-SDD, 2014 U.S. Dist. LEXIS 97145, at *12 (M.D. La. July 17, 2014) ("Any motion by Defendants to compel [non-party]'s compliance with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required."); *see also Wattree v. Cates*, No. EDCV 14-219-JGB, 2015 U.S. Dist. LEXIS 75351, at *3 (C.D. Cal. June 10, 2015) (holding that court could not decide motion to compel non-party to produce documents pursuant to Rule 45 subpoena because it was not made in "the court where the discovery is or will be taken").

Here, while non-party Rambus Inc. is a Delaware corporation, its principal place of business is in Sunnyvale, CA. *See* Soriano Decl. at ¶ 3. Rambus Inc. has no offices in Delaware, no employees in Delaware, and maintains no responsive documents or business records in Delaware. *See* Soriano Decl. at ¶ 4.                REDACTED

*See* Soriano Decl. at ¶ 5; Sharp Decl. at ¶¶ 3, 5. Thus, any motion to compel discovery from Rambus Inc. must first be filed in the Northern District of California. Fed R. Civ. P. 37(a)(2) and 45(d)(2)(B)(i). Because Defendants initially filed their motion to compel in Delaware, not California, this Court lacks jurisdiction to adjudicate the motion to compel against Rambus Inc.

RESTRICTED – ATTORNEYS' EYES ONLY

Similarly, while non-party Rambus Delaware LLC is a Delaware business entity, it has no offices in Delaware, no employees in Delaware, and maintains no responsive documents or business records in Delaware. *See* Soriano Decl. at ¶¶ 7-8.                REDACTED

[9]

*See* Soriano Decl. at ¶ 10; Sharp Decl. at ¶¶ 4-5. The fact that the subpoena to Rambus Delaware LLC listed Delaware as the place of compliance does not indicate that jurisdiction is proper in Delaware because the registered agent has no control over Rambus Delaware LLC's documents or business records. *Hallmore Corp.*, 259 F.R.D. at 79-80; *West Coast Life Ins. Co.*, 2010 U.S. Dist. LEXIS 3774, at *9. Accordingly, this Court also lacks jurisdiction to decide Defendants' motion against Rambus Delaware LLC.

> 2. **Rambus Is Entitled To Recover Its Reasonable Expenses, Including Attorneys' Fees, Incurred In Opposing Defendants' Improper Motion To Compel**

If Defendants believe that this Court, rather than a court in California, is better situated to decide the motion to compel, Rule 45 provides a procedural mechanism that Defendants could have used to enable this Court decide the motion. Specifically, Rule 45(f) provides:

> Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

---

[9]                                              REDACTED

RESTRICTED – ATTORNEYS' EYES ONLY

Fed. R. Civ. P. 45(f).   Under this provision, Defendants could have filed their motion in the Northern District of California (the court where compliance is required and the discovery is located) and then sought transfer of the motion to the District of Delaware (the issuing court), either by asking Rambus to consent to such a transfer or by demonstrating that exceptional circumstances warranting transfer exist.   Instead, Defendants chose to ignore the procedural requirements of Rule 45 – a decision which has real ramifications for non-party Rambus because it results in additional, unnecessary expenses.

In order to respond to Defendants' improperly filed motion in Delaware, Rambus had to retain local counsel.   This expense would have been entirely unnecessary if Defendants had abided by the mandates of Rule 45(f) because the Rule expressly provides that an attorney authorized to practice in the court where compliance is sought may also appear in the issuing court with respect to the subpoena-related motion once it is transferred.   Fed. R. Civ. P. 45(f) ("[I]f the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.").   Thus, Rambus' California-based counsel would have been permitted to file papers and respond to the motion to compel without necessitating the expense of additional counsel if Defendants had originally filed in California instead of Delaware.

Accordingly, Rambus respectfully requests that, in addition to denying Defendants' motion to compel for lack of jurisdiction, this Court also award Rambus its reasonable expenses, including local attorneys' fees, incurred in responding to this motion in Delaware. *See, e.g.*, Fed. R. Civ. P. 45(d) (authorizing the imposition of sanctions, including reasonable attorney's fees, on parties or attorneys who fail to take reasonable steps to avoid imposing undue burdens or expenses on persons served with Rule 45 subpoenas); Fed. R. Civ. P. 37(a)(5) (stating that if a

11

RESTRICTED – ATTORNEYS' EYES ONLY

motion to compel is denied, the court must require the moving party and/or its attorneys to pay the party opposing the motion its reasonable expenses, including attorney's fees); *Hallmore Corp.*, 259 F.R.D. at 81 (awarding non-party reasonable expenses incurred in opposing motion to compel where subpoena inappropriately sought documents from Delaware business entity on the basis of presence of registered agent within Delaware).

### B. Defendants' Requests To Compel Additional Production From Rambus Should Be Denied

Defendants' motion to compel is procedurally defective because it was not filed in the proper court, and thus the motion should be denied in its entirety. However, to the extent this Court addresses the substantive merits of Defendants' motion, it should deny Defendants' requests to compel.

#### 1. Rambus Properly Listed    REDACTED    On Its Privilege Log

##### a. The REDACTED Constitute Protected Attorney Work Product

Defendants' request to compel    REDACTED    listed on Rambus' privilege log should be rejected because these materials are protected from discovery by at least the attorney work product protection and Rule 26, and thus were properly listed by Rambus on its log.

REDACTED

RESTRICTED – ATTORNEYS' EYES ONLY

*Id.* at 1.                                                    REDACTED

Since this documentation (and the underlying privileges associated with it) belong to Acacia and/or its subsidiaries, it would be inappropriate for Rambus            REDACTED

to disclose it without the consent of Acacia and/or its subsidiaries. *Sicurelli v. Jeneric/Pentron Inc.*, No. 03-cv-4934, 2006 U.S. Dist. LEXIS 29813, at *6 (E.D.N.Y. May 16, 2006) (noting that documents relating to testing performed by non-party consultant were protected from disclosure as work product and could not be disclosed without the consent of the party ordering the testing). Rambus further understands that Acacia and/or Plaintiffs intend to assert their interests in these documents in filings with the Court. *Norguard Ins. Co. v. Harry David Zutz Ins., Inc.*, No. 08-900, 2011 U.S. Dist. LEXIS 8371, at *7 (D. Del. Jan. 28, 2011) (explaining that party not subject to subpoena has standing to raise objections to subpoena in situations where the party has a personal right or privilege with respect to the documents sought).

Because Rambus is in possession of privileged/protected documentation responsive to the Rule 45 subpoenas, it included the documentation on its privilege log.[10] *See* Schladweiler Decl., Ex. 7. The work product doctrine protects from discovery "documents and tangible things that

---

[10] The attorney work product protection is claimed for all of the withheld documents. Additional privileges and immunities, such as the attorney-client privilege and the common interest doctrine, have also been asserted where applicable.

13

RESTRICTED – ATTORNEYS' EYES ONLY

are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3); *see also Webxchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 128 (D. Del. 2010) ("Under the attorney work-product doctrine, documents prepared by counsel or at counsel's direction in preparation for trial or in anticipation of litigation are not discoverable absent a showing of substantial need, undue hardship, or inability to obtain their equivalent by other means."). Rule 26 also includes a protection for trial preparation materials created by consulting experts retained by parties or their attorneys. Fed. R. Civ. P. 26(b)(4)(D).      REDACTED

. As such, Rambus properly listed the documents            REDACTED               on its privilege log, and Defendants' motion to compel these documents should therefore be denied.[11]

---

[11] Defendants make a number of arguments in an attempt to demonstrate that the attorney work product doctrine and Rule 26 do not apply        REDACTED        . Rambus expects that Acacia and/or its subsidiaries (Plaintiffs) will address these arguments, since the underlying privilege with respect to the documents belongs to Acacia and/or Plaintiffs. However, Rambus notes that none of Defendants' assertions appear to be supported by applicable legal authority. *See, e.g., Tessera, Inc. v. UTAC (Taiwan) Corp.*, No. 10-cv-04435-EJD, 2015 U.S. Dist. LEXIS 118803, at *6 (N.D. Cal. Sept. 4, 2015) (holding that work product doctrine applies to factual and technical information, such as photos taken by engineers at the direction of counsel); *Webxchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 127-28 (D. Del. 2010) (denying motion to compel technical evaluations from non-testifying expert that were performed at the request of counsel in connection with potential litigation); *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 478 (D. Del. 2012) (explaining that work product protection is not waived by disclosure to third party unless disclosure enabled an adversary to gain access to the information); *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 153 (D. Del. 1977) (holding that documents generated in other litigation are subject to same privileges/protections in second litigation where the two cases have closely related parties or subject matter).

14

RESTRICTED – ATTORNEYS' EYES ONLY

> **b.    The    REDACTED    Are Available From A More Convenient And Less Burdensome Source**

The REDACTED documentation is not only immune from discovery, but, to the extent any of this documentation is deemed discoverable, it is available from a more convenient, less burdensome, and less expensive source than Rambus: the *Plaintiffs* to these litigations. A court must limit the extent of discovery when the information sought "is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In this instance, the REDACTED documentation can be obtained from the Plaintiffs to this litigation.[12]   Where information is available from two different sources, and one is a party to the proceedings and one is not, the information should be sought first from the party rather than the non-party. *Hawthorne, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977-78 (Fed. Cir. 1993) (affirming district court's order requiring party to seek discovery from party opponent before burdening non-party with request for the same discovery); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). Accordingly, because any REDACTED documentation that is deemed discoverable can be obtained with less burden and expense from Plaintiffs, Defendants' motion to compel identical materials from non-party Rambus should be denied.

> **2.    Unredacted Versions Of Plaintiff IDT's Royalty Reports Are More Easily Available From Plaintiffs**

Defendants also seek to compel unredacted versions of five royalty reports that Rambus received from Plaintiff IDT. These documents were created by Plaintiff IDT and provided to Rambus pursuant to contractual obligations to report royalties received with respect to patents

---

[12] Rambus understands that Defendants are also seeking to compel the REDACTED documentation from the Plaintiffs. This further demonstrates that Defendants' request for the same information from Rambus is duplicative.

15

RESTRICTED – ATTORNEYS' EYES ONLY

sold by Rambus. *See* Schladweiler Decl., Ex. 8. Rambus produced these five documents with redactions because it understands Plaintiffs consider certain information in their documents immune from discovery. Because these documents belong to Plaintiffs, Rambus understands that Plaintiffs intend to assert their interests in these documents in filings with the Court. *Norguard Ins. Co.*, 2011 U.S. Dist. LEXIS 8371, at *7.

However, Rambus notes that these five documents are Plaintiffs' documents and thus are available from a more convenient source than Rambus. Fed. R. Civ. P. 26(b)(2)(C)(i). As such, Defendants' request to compel these documents from Rambus should be denied.

### 3.    Rambus Should Not Be Required To Produce Email Communications

Rambus served objections to the Rule 45 subpoenas on July 24, 2015. *See* Sharp Decl., Exs. 2 and 3. In its objections, Rambus expressly objected to producing email:

> Respondent [Rambus] objects to the subpoena insofar as it purports to require the production of documents and information, including emails, and is therefore inconsistent with and contrary to the orders of this Court, including the "Order Regarding Discovery, Including Discovery of Electronically Stored Information ('ESI')" entered in this case. *See* Dkt. No. 60. Respondent specifically notes that, under this Order, the parties are not required to search or produce electronic mail "unless a requesting party can show a justifiable need for electronic mail, and it would not be unreasonable or unduly burdensome for the producing party to provide the requested documents." *Id.* at 6. The subpoena seeks to impose a burden on Rambus (a non-party to this lawsuit) that is greater than that imposed on the parties to this litigation, and Rambus expressly objects to the imposition of any such burden. Rambus further objects to the production of any electronic mail in response to the subpoena because the Defendants have not shown a "justifiable need" for such documents, nor have they demonstrated that the production of email would not be "unreasonable or unduly burdensome" on Rambus. *To the extent Rambus indicates it will produce documents and/or communications in response to any request contained in this subpoena, the production of electronic mail is not encompassed within the scope of documents and/or communications Rambus intends to produce.*

*See* Sharp Decl., Ex. 2 at 6; *Id.*, Ex. 3, at 6 (emphasis added). Despite being in possession of Rambus' objections since July, Defendants did not raise any concerns related to Rambus' production of email until October 21, 2015 – nearly three months after Rambus made it clear that

16

RESTRICTED – ATTORNEYS' EYES ONLY

it would not produce email and just weeks before the close of discovery in the underlying cases. On October 23, Defendants (again, for the first time) modified their requests for email communications "to only those [emails] exchanged with Rambus and Acacia and/or Plaintiffs from 2013 to present." *See* Schladweiler Decl., Ex. 9 at 3. Defendants' modified requests, however, ask Rambus to undertake discovery obligations that are far in excess of what is required of the parties themselves (e.g., they seek a broad swathe of emails without regard to custodians or search terms) and would place an undue burden on non-party Rambus.

Because the emails Defendants seek are available with less expense and burden from the Plaintiffs, and because requiring Rambus to produce email communications would impose an undue burden, Defendants' request to compel email should be denied.

### a.    Email Communications Can Be Obtained More Conveniently And With Less Burden And Expense Directly From The Plaintiffs

Notably, there is a specific procedure in place to obtain emails in the underlying litigations. Pursuant to the Court's "Order Regarding Discovery, Including Discovery of Electronically Stored Information ("ESI")," a party may obtain email upon a showing of (1) justifiable need and (2) that it would "not be unreasonable or unduly burdensome for the producing party to" provide email. *See, e.g.,* C.A. 13-2109, D.I. 60 at 6-8, (hereinafter, "Discovery Order"). Once these showings are made, parties are to propound specific email production requests, identifying the custodian, search terms, and time frame. *Id.* Limits are placed on the number of custodians (five) and the number of search terms (five). *Id.* These precise procedures for email discovery were ***agreed to by the parties*** and approved by the Court. *See, e.g.,* C.A. 13-2109, D.I. 59 at 6-8 (parties' proposed discovery order).

Having recognized the substantial burden that email production would entail, the parties (including Defendants) took specific steps to ensure that email would only need to be produced

17

RESTRICTED – ATTORNEYS' EYES ONLY

on a limited basis, and even then only if there is a "justifiable need" and no unreasonable burden to the producing party. Defendants now attempt to circumvent the Discovery Order by shifting the burden of email production to non-party Rambus.[13] Such conduct cannot be permitted.

If Rambus were required to produce email – even if limited to only those communications with Acacia and/or Plaintiffs from 2013 to the present – Rambus would be forced to undergo a burden much greater than Plaintiffs. This is because Plaintiffs would only be required to produce emails from five custodians, and even then their email search would be limited to five search words per custodian. Rambus, on the other hand,                     REDACTED


. Moreover, under the Discovery Order, Plaintiffs would only be required to log privileged emails up until December 31, 2013 (a twelve month period). *See* Discovery Order at 3. Rambus, however, could be required to log all privileged emails from January 2013 to the present (a period of thirty-five months). This clearly demonstrates that the burden that would be placed on Rambus in producing the requested emails is much greater than that which the Plaintiffs would experience. Under such circumstances, the Court must limit the requested discovery to the more convenient and less burdensome source (here, the Plaintiffs). Fed. R. Civ. P. 26(b)(2)(C)(i).

Ample legal authority supports the position that when discovery can be obtained from both a party and a non-party, Rule 26 mandates that the discovery be sought first from the party. *See, e.g., Hawthorne, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 977-78 (Fed. Cir. 1993); *Broadband iTV, Inc. v. Hawaiian Telecom,* 2015 U.S. Dist. LEXIS 51131, at *7 (N.D. Cal. April 17, 2015)

---

[13] It is Rambus' understanding that Defendants have not served email production requests on Plaintiffs, and thus have made no attempt to obtain these emails from the actual parties to these litigations.

18

RESTRICTED – ATTORNEYS' EYES ONLY

(quashing subpoena that sought information that could be obtained from parties in the litigation "rather than burdening non-parties"); *Nalco Co. v. Turner Designs, Inc.*, No. 4:13-cv-02727, 2014 U.S. Dist. LEXIS 45669, at *2 (N.D. Cal. Mar. 31, 2014) ("This alone [that discovery is obtainable from a party to the litigation] is sufficient to warrant denying [movant's] request to compel."); *Everlight Elecs. Co. Ltd. v. Nichia Corp.*, No. C 13-80251, 2013 U.S. Dist. LEXIS 172609, at *18 (N.D. Cal. Dec. 3, 2013) (denying movant's request to compel email communications from non-party where emails were also obtainable from party opponent); *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2005 U.S. Dist. LEXIS 47979, at *12 (E.D. Pa. Aug. 9, 2005) (finding non-party subpoena to be unduly burdensome under Rule 26 "because the desired documentation is obtainable from a more convenient source-the class plaintiffs"); *First Aviation Servs. V. Gulf Ins. Co.*, 205 F.R.D. 63, 69 (D. Conn. 2001) (denying motion to compel documents from non-party because defendant possessed same documents sought in motion).

Finally, Defendants' claims that they cannot obtain emails exchanged between Rambus and Acacia from the Plaintiffs must be rejected. *See* Motion to Compel at 13. Acacia has affirmatively represented that Plaintiffs have possession of all documents concerning the Patents-in-Suit, including emails between Rambus and Acacia – and Defendants are well-aware of these representations. *See* Sharp Decl., Ex. 5. Specifically, in briefing before the United States District Court for the District of Central California related to a motion to compel documents from Acacia, Acacia expressly stated that "Plaintiffs have in their possession the communications and materials exchanged between Rambus and [Acacia], including any attorney client communications and work product information shared between [Acacia] and its subsidiary Plaintiffs and Rambus." *Id.*, Ex. 5 at 49; *see also id.*, Ex. 5 at 8 ("Plaintiffs in the infringement action have possession, custody, and control over all documents relating to the Asserted

RESTRICTED – ATTORNEYS' EYES ONLY

Patents."); *id.*, Ex. 5 at 23-24 ("Plaintiffs, parties to the Patent Litigation, have all e-mails relating to the Asserted Patents."). Defendants are parties to the Central California action. Thus, Defendants assuredly know that they can obtain the email communications they seek from Plaintiffs.

### b.    Producing Even Limited Email Communications Would Place An Undue Burden On Non-Party Rambus

Requiring non-party Rambus to collect, review, and produce any email would result in undue burden and expense in violation of Rule 45(d). Rule 45(d)(3)(iv) requires a court to modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv); *id.* at (d)(1) ("A party . . . must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty.").

REDACTED

. This burden, and the expenses associated with undertaking such a search, is entirely unreasonable for a non-party and does not comply with Rule 45(d)'s requirement that non-parties be protected from significant expense. This is particularly true in circumstances such as this, where the same materials are available from another, less expensive and burdensome source: the Plaintiffs.

## V.    CONCLUSION

For the foregoing reasons, non-party Rambus respectfully asks this Court to deny Defendants' motion to compel.

20

RESTRICTED – ATTORNEYS' EYES ONLY

DATED:  November 23, 2015

Respectfully submitted,

/s/ *John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
Delaware Bar No. 110
1200 North Broom Street
Wilmington, Delaware  19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pgslaw.com
dab@pgslaw.com

OF COUNSEL:

Andrea L. Gothing
ROBINS KAPLAN LLP
California Bar No. 302633
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone:  (650) 784-4040
Facsimile:  (650) 784-4041
Email: agothing@robinskaplan.com

Tara S.G. Sharp
ROBINS KAPLAN LLP
Georgia Bar No. 623320
One Atlantic Center
1201 West Peachtree Street, Suite 2200
Atlanta, Georgia  30309
Telephone:  (404) 760-4300
Facsimile:  (404) 233-1267
Email:  tsharp@robinskaplan.com

*ATTORNEYS    FOR    NONPARTIES    RAMBUS DELAWARE LLC AND RAMBUS INC.*

21