IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 13-2108-RGA |
| | : | |
| LENOVO HOLDING COMPANY INC., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 13-2109-RGA |
| | : | |
| LG ELECTRONICS INC., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 13-2112-RGA |
| | : | |
| VIZIO INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff and LG have filed a motion to redact (No. 13-2109, D.I. 320)[1] a transcript of a

---

[1] All citations are to the record in No. 13-2109.

hearing. It is unopposed. I consider the motion in light of a prior thoughtful decision of this Court, to wit, *Mosaid Tech Inc. v. LSI Corp*, 878 F.Supp.2d 503 (D.Del. 2012) (Burke, M.J.).

The party seeking to seal has to establish good cause. Good cause requires a showing that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity." *Id.* at 507 (alteration in the original; citations and internal quotation marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a compelling interest" in shielding those materials from public view. *Id.* at 508. Among other things, I consider the various factors, to the extent relevant, set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a public entity or official; and (7) whether the case involves issues important to the public.

*Mosaid*, 878 F.Supp.2d at 508 n.2 (citing *Pansy*).

Two declarations have been submitted in support of the motion. (D.I. 320-3 (Min); D.I. 321 (Kimble)). The Min declaration identifies in general terms (since Mr. Min is not permitted to review the transcript) why four categories of information should be redacted. The Kimble declaration identifies specific portions of the transcript falling into two categories of information that should be redacted.

Simply because the parties have designated the information as "restricted – attorneys' eyes only" under a protective order is not determinative as to the present issue, that is, whether the information should be redacted from a judicial transcript. There is not much public interest in the information that is exchanged in discovery. Once, however, it is disclosed in a judicial

proceeding, it is in the public interest to be able to understand the proceedings before a judge, and redaction of the transcript hinders that public interest. Nevertheless, there are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology. Information in a transcript may hint at some of these things without actually threatening any "clearly defined and serious injury." Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding. Further, if there is a need for redactions, the proposed redactions should be as narrow as possible.

I **GRANT IN PART** and **DENY IN PART** the motion to redact. (D.I. 320). Based on my review of the transcript, in light of my knowledge of the case, and the two declarations, I grant the redactions except as to transcript pages 38, 45-52, and 67-70. In my opinion, I do not see any "clearly defined and serious injury" arising from not redacting the information in those pages. The parties are to submit a transcript redacted in accordance with this order by May 17, 2016.

IT IS SO ORDERED this 10 day of May, 2016.

/s/ Richard G. Andrews
United States District Judge