IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO GROUP LTD., LENOVO HOLDING CO., INC., and LENOVO (UNITED STATES) INC.,<br><br>Defendants. | Civil Action No. 13-2108-RGA |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS USA, INC., LG DISPLAY CO. LTD., and LG DISPLAY AMERICA INC.,<br><br>Defendants. | Civil Action No. 13-2109-RGA |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Civil Action No. 13-2112-RGA |

1

MEMORANDUM OPINION

Michael J. Farnan, Esq., FARNAN LLP, Wilmington, DE; Jeffrey A. Bragalone, Esq, T. William Kennedy, Jr., Esq., Justin B. Kimble, Esq., James R. Perkins, Esq., BRAGALONE & CONROY LLP, Dallas, Texas.

   Attorneys for Plaintiffs

Benjamin Schladweiler, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; Jamie B. Beaber, Esq., MAYER BROWN LLP, Washington, D.C.; Robert G. Pluta, Esq., Amanda K. Streff, Esq., MAYER BROWN LLP, Chicago, Illinois.

   Attorneys for Defendants LG Electronics Inc., LG Electronics USA, Inc., LG Display Co. Ltd., and LG Display America Inc.

Pilar G. Kraman, Esq., YOUNG, CONAWAY, STARGATT & TAYLOR, Wilmington, DE; Jason C. Lo, Esq., GIBSON, DUNN & CRUTCHER LLP, Los Angeles, California.

   Attorneys for Defendant Vizio, Inc.

Stephanie E. O'Byrne, Esq., POTTER, ANDERSON & CORROON, Wilmington, DE; Frederick I. Williams, Esq., VINSON & ELKINS LLP, Austin, Texas; Eric J. Klein, Esq., VINSON & ELKINS LLP, Dallas, Texas.

   Attorneys for Defendants Lenovo Group Ltd., Lenovo Holding Co., Inc., and Lenovo (United States) Inc.

November _28_, 2016

*Richard G. Andrews*
**ANDREWS, U.S. DISTRICT JUDGE:**

The plaintiffs in these three related suits are Delaware Display Group LLC and

Innovative Display Technologies LLC.  There are three sets of Defendants: (1) in the 13-2108

action, Lenovo Group Ltd., Lenovo Holding Co., Inc., and Lenovo (United States) Inc. (the

"Lenovo Defendants"); (2) in the 13-2109 action, LG Electronics Inc., LG Electronics USA,

Inc., LG Display Co. Ltd., and LG Display America, Inc. (the "LG Defendants"); and (3) in the

13-2112 action, Vizio, Inc. (collectively, "Defendants").  Oral argument was held on October 24,

2016.

This memorandum addresses the following summary judgment motions filed in the LG

case[1]: (1) Defendants' Motion for Summary Judgment that Plaintiffs Lack Standing to Sue for

Acts of Infringement Occurring Prior to October 1, 2012 (D.I. 374); (2) Plaintiffs' Motion for

Partial Summary Judgment of Ownership and No Evidence of Defenses against the LG

Defendant (D.I. 389); (3) Defendants' Motion for Summary Judgment of Invalidity (D.I. 392);

(4) Plaintiffs' Motion for Partial Summary Judgment of Infringement against the LG Defendant

(D.I. 383); (5) the Lenovo and LG Defendants' Motion for Summary Judgment of Non-

Infringement (D.I. 395); (6) Plaintiffs' Motion to Strike Portions of the Expert Report of Vincent

Thomas (D.I. 386).[2]

**I.      Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

---

[1] Citations to "D.I.___" are to the docket in C.A. No. 13-2109 unless otherwise noted.

[2] The parties in the other cases should meet and confer and submit a status report as to the impact of this opinion on the other cases, including proposed orders for resolved motions.

3

R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely

disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317,

330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a

dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury

to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir.

2011). The burden on the moving party may be discharged by pointing out to the district court

that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S.

at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986);

*Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving

party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to

particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or

other materials; or (B) showing that the materials cited [by the opposing party] do not establish

the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view

the evidence in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*,

476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a

reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49.

If the non-moving party fails to make a sufficient showing on an essential element of its case

4

with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## II.  Discussion

### A.  Defendants' Motion for Summary Judgment that Plaintiffs Lack Standing to Sue for Acts of Infringement Occurring Prior to October 1, 2012

Only two patents remain at issue in this case: U.S. Patent No. 7,537,370 (the "'370 Patent") and U.S. Patent No. 7,434,974 (the '974 patent) (collectively, the "Asserted Patents"). (D.I. 375 at 6). Defendants argue that Plaintiffs lack standing to sue for acts of infringement of the Asserted Patents occurring prior to October 1, 2012. (D.I. 374, 375).

#### 1.  Facts

At the time of issuance, the Asserted Patents were assigned to Solid State Opto Limited. (D.I. 375 at 8). They were then serially assigned to Rambus International Ltd. ("RIL"), Rambus Inc. ("RI"), "Rambus Delaware LLC ("RDL"), Acacia Research Group LLC, and finally to Innovative Display Technologies LLC. (*Id.*). The assignment to RDL was effective October 1, 2012. At issue is whether RDL received the rights to sue for acts of infringement prior to that effective date.

There are three relevant assignment agreements: (1) the Intellectual Property and Assignment Agreement between RI and RDL ("IPAA"), (2) the Intellectual Property Contribution and Assignment Agreement between RI and RIL ("IPCAA 1"), and (3) the Intellectual Property Contribution and Assignment Agreement between RIL and RDL ("IPCAA 2"). (D.I. 414 at 5). There are two documents that "evidence the transfer of certain patent rights" in the IPCAA agreements: the Patent Assignment recorded at the Patent and Trademark Office between RI and RIL ("Patent Assignment 1) and the Patent Assignment recorded at the

5

Patent and Trademark Office between RIL and RDL ("Patent Assignment 2"). (*Id.* at 7). All five of these documents have an effective date of October 1, 2012. (*Id.* at 5).

The IPAA contains the following relevant language. "The Rambus Group is in the process of reorganizing its international corporate structure and, as part of this restructuring, the parties have determined that it is in their best interests that [RI] assigns, transfers and conveys to [RDL] all of [RI]'s LDT Technology and associated IP Rights . . . ." (D.I. 375-3 ¶ B). The definition of "LDT Technology" includes the Asserted Patents. (*Id.* § 1.3 & Exh. A). RDL "accept[ed], all right, title, and interest in and to LDT Technology . . . ." (*Id.* ¶ 2.1). RI "agree[d], at the request of [RI] and at [RI]'s expense, to . . . do all other things reasonably necessary to perfect in [RDL] all right, title and interest in and to such LDT Technology . . . ." (*Id.* ¶ 2.2). RI executed the IPAA on December 20, 2012. (*Id.*). RDL executed the IPAA on December 19, 2012. (*Id.*)

The IPCAA 1 contains the following relevant language. RI and RIL "are in the process of reorganizing the international corporate structure of the Rambus Group." (D.I. 415-1 ¶ B). "In connection with the restructuring, [RI] desires to transfer, convey and assign, as a capital contribution to [RIL], and [RIL] desires to accept from [RI], all of [RI]'s rights, title and interest in and to the Intellectual Property . . . ." (*Id.* ¶ C). "Intellectual Property" refers to "any and all Patents . . . ." (*Id.* ¶ 1.4). "Patents" refers to "any and all . . . patents . . . and . . . all rights in and to any of the foregoing . . . which are owned, licensed, or acquired by [RIL] relating to the Field." (*Id.* ¶ 1.6). The "Field" refers to "backlighting, general lighting, optical, LED, and illumination technologies and related products and processes . . . and display technologies and related products." (*Id.* ¶ 1.3). In other words, the IPCAA 1 relates to the Asserted Patents. RI

6

executed the IPCAA 1 on December 20, 2012. (*Id.*). RIL executed the IPCAA 1 on December 21, 2012. (*Id.*).

The IPCAA 2 contains the same language as the IPCAA 1 except that the parties are RIL and RDL. (D.I. 415-2). RIL executed the IPCAA 2 on December 21, 2012. (*Id.*). RDL executed the IPCAA 2 on December 19, 2012. (*Id.*).

Patent Assignment 1 contains the following relevant language. The document serves to "evidence the transfer of certain patent rights" between RI and RIL "in connection with [IPCAA 1]." (D.I. 415-3, Frame 741). RI "sells, assigns, and transfers to [RIL] all of [RI]'s right, title, and interest in and to [the Asserted Patents] . . . and . . . all rights to sue and recover damages and payments for past, present, and future infringements of any of the Assigned Patent Rights . . . ." (*Id.*, Frames 741, 745). RI signed Patent Assignment 1 on March 1, 2013. (*Id.*, Frame 741). RIL signed Patent Assignment 1 on March 1, 2013. (*Id.*, Frame 743).

Patent Assignment 2 contains the same language as Patent Assignment 1 except that the parties are RIL and RDL. (*Id.*, Frames 754–55). RIL signed Patent Assignment 2 on March 1, 2013. (*Id.*, Frame 754). RDL signed Patent Assignment 2 on March 4, 2013. (*Id.*, Frame 755).

## 2.   Analysis

"Standing to sue is a threshold requirement in every federal action." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). "Standing must be present at the time the suit is brought." *Id.* at 975–76. The "general rule [is] that the right to sue for prior infringement is not transferred unless the assignment agreement manifests an intent to transfer this right." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). "Neither statute nor common law precedent, however, requires a particular formula or set prescription of words to express that conveyance." *Id.* "[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement

7

committed before such assignment." *Moore v. Marsh*, 74 U.S. 515, 521 (1868). "The party bringing the action bears the burden of establishing that it has standing." *Sicom*, 427 F.3d at 976.

"Determining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law." *Minco*, 95 F.3d at 1117. Here, that state is California. (D.I. 375 at 9; D.I. 414 at 10).

The IPAA does not provide RDL with the right to sue for prior infringement. The language that RDL "accepts, all right, title, and interest in and to" the Asserted Patents, is, without more, insufficient to convey the right to sue for prior infringement. *See Minco*, 95 F.3d at 1117. ("Under the general rule, the bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement."). Additional language from the IPAA regarding corporate restructuring is not enough to manifest an intent to transfer the right. *See Minco*, 95 F.3d at 1117; *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010) ("Common corporate structure does not overcome the requirement that even between a parent and a subsidiary, an appropriate written assignment is necessary to transfer legal title from one to the other.").

Unlike the IPAA, the IPCAAs do provide RDL with the right to sue for prior infringement in light of the proffered parol evidence: the two Patent Assignments. "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "Under California law, '[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.'" *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010). "Parol evidence is properly admitted to

construe a contract only when its language is ambiguous." *Id.* Determining the applicability of

parol evidence is a two-step process:

> First, the court provisionally receives (without actually admitting) all credible evidence
> concerning the parties' intentions to determine "ambiguity," i.e., whether the language is
> "reasonably susceptible" to the interpretation urged by a party. If in light of the extrinsic
> evidence the court decides the language is "reasonably susceptible" to the interpretation
> urged, the extrinsic evidence is then admitted to aid in the second step—interpreting the
> contract.

*Id.* Patent Assignments 1 and 2 alone are insufficient to constitute valid assignments. *Gaia*

*Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 778 n.3 (Fed. Cir. 1996) ("[T]he mere fact

that an assignment was recorded in the PTO does not, without more, prove that a valid

assignment actually took place."). The right to sue for past infringement can be separately

conveyed. *See Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309 (D.

Del. 1995); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991); *Alfred*

*E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010) ("A

patent 'is, in effect, a bundle of rights which may be divided and assigned, or retained in whole

or part.'").

Here, to determine if the Patent Assignments qualify as parol evidence, I consider all the

evidence of the parties' intentions. Generally, the broad language of the IPCAAs evince a desire

to convey all rights relating to the Asserted Patents held by the transferee to the transferor. The

intrinsic evidence shows that the parties intended to convey their "rights, title and interest in and

to" the Asserted Patents in the context of corporate restructuring. The extrinsic evidence (the

Patent Assignments) shows that at the time of execution of the IPCAAs, the parties also

contemplated transferring the rights to sue. The Patent Assignments are highly relevant because

there is explicitly language that serve to "evidence the transfer of certain patent rights . . . in

connection with the" IPCAAs. They were also executed approximately two and a half months

9

after the IPCAAs were executed.  Furthermore, they suggest that the IPCAAs intended to convey

"all rights to sue and recover damages and payments for past, present, and future infringements

of any of the Assigned Patent Rights . . . ." (*See, e.g.*, D.I. 415-3, Frame 741).  The language of

the IPCAAs is thus "reasonably susceptible" to the interpretation that the IPCAAs conveyed the

rights to sue.  In light the parol evidence, I interpret the IPCAAs to convey the rights to sue.

Defendants' motion (D.I. 374) is denied.

### B.     Plaintiffs' Motion for Partial Summary Judgment on Ownership and Certain Defenses against the LG Defendants

Plaintiffs move for partial summary judgment on the issues of ownership, waiver,

equitable estoppel, laches, unclean hands, acquiescence, license and exhaustion against the LG

Defendants.  (D.I. 389, 390).

### 1.     Ownership

The LG Defendants concede that Plaintiffs have established that the Asserted Patents

were transferred to Plaintiffs.  The LG Defendants' only dispute is whether Plaintiffs had the

right to sue for acts of infringement occurring prior to October 1, 2012.  (D.I. 416).  As discussed

above, the right to sue was transferred.  Plaintiffs' motion is granted as to ownership.

### 2.     Unclean Hands

Defendant's theory of unclean hands rests in part on a determination as to whether the

Asserted Patents are invalid.  (D.I. 416 at pp. 3–4).  Because I find a genuine dispute of material

fact as to whether the Asserted Patents are invalid (see below), there is a genuine dispute of

material fact as to unclean hands.  Plaintiffs' motion is denied as to unclean hands.

### 3.     License and Exhaustion

This issue was resolved by agreement of the parties as stated at the summary judgment

hearing.  (D.I. 461, 156:5–157:11).

10

### 4.   Waiver, Equitable Estoppel, Laches, and Acquiescence

LG Defendants do not dispute that summary judgment is appropriate on these grounds. (D.I. 416; D.I. 434).  Plaintiffs' motion is granted as to these defenses.

### C.   Defendants' Motion for Summary Judgment of Invalidity

Defendants' motion (D.I. 392) is denied because there are genuine disputes of material fact at least as to whether the limitations "a tray or housing having a cavity or recess in which the panel member is entirely received" and "both the front and back sides having a pattern of light extracting deformities that are projections or depressions" are met.

### D.   Plaintiffs' Motion for Partial Summary Judgment of Infringement against the LG Defendant

Plaintiffs' motion (D.I. 383) is denied because there are genuine disputes of material fact at least as to whether the limitation "a tray or housing having a cavity or recess in which the panel member is entirely received" is met.

### E.   Lenovo and LG Defendants' Motion for Summary Judgment of Non-Infringement

Defendants' motion (D.I. 395) is denied because there are genuine disputes of material fact at least as to whether the limitations "projections or depressions on or in the sides" and "the tray or housing includes end walls and side walls" are met.

### F.   Plaintiffs' Motion to Strike Portions of the Expert Report of Vincent Thomas

This motion (D.I. 386) was resolved as stated at the summary judgment hearing.  (D.I. 461, 65:9–67:25).  The parties were instructed to meet and confer on an order implementing my ruling.  I do not believe that any such order has been submitted.  I request that the parties submit either a proposed order or a joint letter stating that they do not need such an order.

///

///

11

## III.   Conclusion

A separate order will be entered.