IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>               Plaintiffs,<br><br>   v.<br><br>LENOVO GROUP LTD.,<br>LENOVO HOLDING CO., INC., and<br>LENOVO (UNITED STATES) INC.,<br><br>               Defendants. | Civil Action No. 13-2108-RGA |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>               Plaintiffs,<br><br>   v.<br><br>LG ELECTRONICS INC.,<br>LG ELECTRONICS USA, INC.,<br>LG DISPLAY CO. LTD., and<br>LG DISPLAY AMERICA INC.,<br><br>               Defendants. | Civil Action No. 13-2109-RGA |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>               Plaintiffs,<br><br>   v.<br><br>VIZIO, INC.,<br><br>               Defendant. | Civil Action No. 13-2112-RGA |

MEMORANDUM OPINION

Brian E. Farnan, Esq., FARNAN LLP, Wilmington, DE; Patrick J. Conroy, Esq. (argued), James Perkins, Esq., BRAGALONE & CONROY PC, Dallas, Texas.

    Attorneys for Plaintiff

David E. Moore, Esq., POTTER, ANDERSON & CORROON LLP, Wilmington, DE; Eric J. Klein, Esq., VINSON & ELKINS LLP, Dallas, Texas.

    Attorneys for Defendants Lenovo Group Ltd., Lenovo Holding Co., Inc., and Lenovo (United States) Inc.

Benjamin Schladweiler, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; Jamie B. Beaber, Esq., Kfir Levy, Esq., MAYER BROWN LLP, Washington, D.C.

    Attorneys for Defendants LG Electronics Inc., LG Electronics USA, Inc., LG Display Co. Ltd., and LG Display America Inc.

Pilar G. Kraman, Esq., YOUNG, CONAWAY, STARGATT & TAYLOR, Wilmington, DE; Jason C. Lo, Esq. (argued), Raymond A. LaMagna, Esq., GIBSON, DUNN & CRUTCHER LLP, Los Angeles, California.

    Attorneys for Defendant Vizio, Inc.

January 16, 2017

2

**ANDREWS, U.S. DISTRICT JUDGE:**

The plaintiff in these three related suits is Innovative Display Technologies LLC. There are three sets of Defendants: (1) in the 13-2108 action, Lenovo Group Ltd., Lenovo Holding Co., Inc., and Lenovo (United States) Inc.; (2) in the 13-2109 action, LG Electronics Inc., LG Electronics USA, Inc., LG Display Co. Ltd., and LG Display America, Inc.; and (3) in the 13-2112 action, Vizio, Inc. (collectively, "Defendants"). Presently before me is Defendants' Motion to Exclude Expert Testimony of Patrick F. Kennedy, Ph.D. (D.I. 376).[1] The motion is fully briefed. (D.I. 377; D.I. 431; D.I. 458). I held oral argument on October 24, 2016. I also held a *Daubert* hearing on November 18, 2016 ("Tr."). Plaintiff's damages expert, Patrick F. Kennedy, Ph.D. testified at the *Daubert* hearing. For the reasons stated below, I am denying the motion. A separate order consistent with this memorandum opinion follows.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 sets out the requirements for expert witness testimony, stating that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Third Circuit has explained:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the

---

[1] Citations to "D.I. ___" are to the docket in C.A. No. 13-2109 unless otherwise noted.

> requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his o[r] her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
>
> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury. *See Daubert* ("Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a) [of the Federal Rules of Evidence] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.").

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404–05 (3d Cir. 2003) (footnote and internal citations omitted).[2] The proponent of expert testimony must "demonstrate by a preponderance of evidence that the [expert's] opinions are reliable." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994).

"[E]stimating a reasonable royalty is not an exact science." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). "The record may support a range of reasonable royalties, rather than a single value." (*Id.*) "Likewise, there may be more than one

---

[2] The Court of Appeals wrote under an earlier version of Rule 702, but subsequent amendments to the rule were not intended to make any substantive change.

4

reliable method for estimating a reasonable royalty." (*Id.*). "All approaches have certain strengths and weaknesses, and, depending upon the facts, one or all may produce admissible testimony in a particular case." (*Id.*). "Because each case presents unique circumstances and facts, it is common for parties to choose different, reliable approaches in a single case and, when they do, the relative strengths and weaknesses of each approach may be exposed at trial or attacked during cross-examination." (*Id.*). "That one approach may better account for one aspect of a royalty estimation does not make other approaches inadmissible." (*Id.*).

## II.   DISCUSSION

Only two patents remain at issue in this case: U.S. Patent No. 7,537,370 (the "'370 Patent") and U.S. Patent No. 7,434,974 (the "'974 patent") (collectively, the "Asserted Patents"). (D.I. 375 at 6). Dr. Kennedy's understanding of the patented features is the following. The Asserted Patents relate to "general light emitting panel assembly configuration technology." (D.I. 378-1, Exh. 7 at p. 4). He understands the Asserted Patents to "relate generally to backlight units [] used in liquid crystal display [] screens, as well as to technology existing outside of the BLU, and extending into the LC module []." (*Id.* at p. 6). He understands that infringement extends into LCMs, which are "components of the display screens in televisions, portable laptop computers, tablets, phones and other smaller screen devices." (*Id.*). He understands that the light generated by the BLU includes two types: cold-cathode fluorescent light and light emitting diodes. (*Id.* at pp. 6–7). This light could be placed "either directly behind the liquid crystal in an array or along the edges. (*Id.* at p. 7). This understanding is based on information from Plaintiff's technical expert, William Bohannon, from his independent research, review of the materials produced in this case, and conversations with the inventor. (*Id.* at p. 6).

Defendants move to exclude the opinions of Dr. Kennedy on the grounds that (1) he does not apportion for unpatented features and technology, (2) he improperly assigns 100% of his incremental profit to the licensor, and (3) he states an improper royalty rate for a portfolio license covering unasserted patents. (*See generally* D.I. 376).

Having heard Dr. Kennedy testify as to his apportionment methodology, I believe that it is sufficiently reliable. His approach to determining the smallest salable patent-practicing unit was reasonable. (*See* Tr. 14:13–16, 15:17–24). He extensively analyzed the patented features and took out what he believed were unpatented features. (*See* Tr. 15:20–24, 20:2–21:3, 22:4–10, 41:9–42:1, 42:23–43:8, 71:18–19, 93:1–8; D.I. 378-1 at Exh. 7 pp. 30–31). He provided sufficient apportionment. (*See id.*). Defendants' own experts do not appear to adopt a substantially different approach. (*See* Tr. 17:9–15, 26:16–27:11; D.I. 432-3 at 64:23–25; D.I. 432-4 at 61:12–16; D.I. 432-5 at 52:16–18). There is no violation of the entire market value rule.

Dr. Kennedy's testimony as to his incremental profit methodology is sufficiently reliable. He uses a logical approach to determine the royalty rate. (*See* Tr. 34:10–39:20). He reliably factors out amounts that licensees would not pay for during a hypothetical negotiation. (*See* Tr. 29:5–20, 29:22–30:12, 30:13–31:17; 32:11-22, 39:4–20, 55:3–56:4, 57:8–17, 66:12–16, 67:9–12). His analysis as a whole adequately apportions. (*See id.*). His approach appears to be consistent with that of Vizio's expert's. (*See* Tr. 59:3–24; D.I. 432-5 at 145:13–14). There is no impermissible rule of thumb.

Dr. Kennedy's portfolio license methodology is also sufficiently reliable. His belief that during the hypothetical negotiation, one could get a license to both patents without there being royalty stacking, is logical. (Tr. 60:23–61:21, 103:6–104:7). His approach is consistent with

6

that of Lenovo's expert. (Tr. 61:22–24; D.I. 432-8 ¶¶ 12, 28, 133, 145, 176). There is no impermissible royalty stacking.

In sum, Dr. Kennedy's methodology is sufficiently reliable to satisfy Rule 702. Defendants' concerns go to the weight that should be given to Dr. Kennedy's analysis, and not to its admissibility. *See Summit 6*, 802 F.3d at 1296. Defendants' motion is denied.

### III.   Conclusion

A separate order will be entered.